# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PROASSURANCE SPECIALTY INSURANCE COMPANY, INC., an Alabama corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| IMPERIAL REALTY COMPANY, an Illinois Corporation, ROGERS MEMORIAL HOSPITAL, INC. d/b/a ROGERS BEHAVIORAL HEALTH, and PAULA YOUNG, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, PROASSURANCE SPECIALTY INSURANCE COMPANY, INC., by and through its attorneys, TRESSLER LLP, for its Complaint for Declaratory Judgment against the Defendants, IMPERIAL REALTY COMPANY, ROGERS MEMORIAL HOSPITAL, INC. d/b/a ROGERS BEHAVIORAL HEALTH, and PAULA YOUNG, states as follows:

## INTRODUCTION

1. This is an insurance coverage case in which ProAssurance Specialty Insurance Company, Inc. ("ProAssurance") seeks a declaration that it does not have a duty to defend or indemnify Imperial Realty Company ("Imperial") and Rogers Memorial Hospital, Inc. ("Rogers Memorial") in connection with a suit filed in the Circuit Court of Cook County, Illinois, captioned *Paula Young v. Imperial Realty Company* (Case No. 18 L 012315) and third-party complaint for contribution filed by Imperial against Rogers Memorial (collectively the "Underlying Litigation").

2. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332.

3. An actual and justiciable controversy exists between ProAssurance, Imperial and Rogers Memorial as this action will determine whether the policy of insurance issued by ProAssurance obligates ProAssurance to defend or indemnify Imperial and Rogers Memorial in connection with the Underlying Litigation.

## THE PARTIES

4. ProAssurance is an insurer incorporated under the laws of the State of Alabama, with its principal place of business located in Birmingham, Alabama.

5. Imperial Realty Company is an Illinois Corporation with its principal place of business located in Chicago, Illinois.

6. Paula Young ("Young") is a citizen of Illinois.

7. Rogers Memorial is a Wisconsin Corporation with its principal office located in Oconomowoc, Wisconsin.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the claims for coverage under the ProAssurance Policy occurred within this District.

## THE POLICY

10. ProAssurance issued a Health Care Facility Liability Policy to Rogers Memorial Hospital, Policy No. CH173, for the policy period September 1, 2018 to September 1, 2019 (the "Policy"). A certified copy of the Policy with premiums redacted is attached as **Exhibit A**.

11. Coverage A of the Policy sets forth the terms of the Bodily Injury and Property Damage Liability coverage. The Insuring Agreement of Coverage A provides as follows:

> COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
> Subject to the applicable limit of liability, **we** will pay those sums (in excess of any applicable deductible) that an **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** which occurs during the **policy period** and is caused by an **occurrence**. **We** will have the right and duty to defend any **insured** against any **suit** to which this insurance applies seeking those damages, with defense counsel of **our** selection. We will not pay fees and expenses of any legal counsel not retained by **us.** If a claim or suit is asserted against more than one **insured, we** may retain the same legal counsel to defend all **insureds**, consistent with counsel's ethical duties to avoid conflicts of interest. **We** may at our discretion investigate any **occurrence** and settle any claim or **suit** that may result. **We** shall not be obligated to pay any claim or judgment or to defend any **suit** after the applicable limit of **our** liability has been exhausted. **We** shall not be obligated to take an appeal from any judgment against an **insured**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A, B, D AND E.

12. The Policy includes the following exclusions for Coverage A:

> This insurance provided by COVERAGE A does not apply to:
> …
> e. **Bodily injury** to:
> (1) an **employee** of an **insured** arising out of and in the course of his or her employment or duties.
> (2) A **leased employee** of an **insured** arising out of and in the course of his or her employment or duties;
> (3) A past, present or prospective **employee or leased employee** of an **insured,** arising from any **employment practices claim;** or
> (4) Any relative or member of the family or household of a past, present or prospective **employee** or **leased employee** as a consequence of (1), (2) or (3) above.
>
> This exclusion applies:
> (1) Whether an **insured** is or may be liable as an employer or in any other capacity; and

3

   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

13. The Policy includes the following relevant definitions:

**BODILY INJURY** means physical bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**EMPLOYEE** means a person on the regular payroll of the **policyholder**, an **other insured** or a **covered subsidiary** who has federal income taxes withheld from his or her compensation and who has an assigned work schedule.

\* \* \*

**INSURED** means any person or organization qualifying as such under the respective Coverage Part.

\* \* \*

**OCCURRENCE** means an accident, other than a **professional incident**, including continuous or repeated exposure to substantially the same harmful conditions, resulting in **bodily injury**, **property damage**, **personal injury** or **advertising injury**.

\* \* \*

**OTHER INSURED** means a person or organization so designated in the **Coverage Summary** or by an endorsement to the **policy**.

14. The Policy contains the following Endorsement:

HEALTH CARE FACILITY LIABILTY POLICY
ADDITIONAL INSURED ENDORSEMENT

\* \* \*

THIS ENDORSEMENT MODIFIES THE GENERAL LIABILITY COVERAGE PART OF THE POLICY TO ADD ONE OR MORE ADDITONAL INSUREDS.

The above-numbered policy is hereby modified as follows:

4

Each of the following is included as an additional insured under the above-described Coverage Part(s) of the policy, but only with respect to liability arising out of the operations of the policyholder:

…

CFO Skokie, LLC

…

15. The Policy contains the following Endorsement:

HEALTH CARE FACILITY LIABILTY POLICY
ADDITIONAL INSURED ENDORSEMENT (BLANKET)

THIS ENDORSEMENT MODIFIES THE GENERAL LIABILITY COVERAGE PART OF THE POLICY TO ADD ONE OR MORE ADDITIONAL INSUREDS.

The above-numbered policy is hereby modified as follows:
Subject to all terms and conditions of the policy and the following additional conditions, each additional insured identified below is included as an additional insured under the above-described Coverage Part(s) of the policy, but only with respect to liability arising out of the operations of the policyholder:

1. This insurance does not apply to any liability arising out of the additional insured's own acts or omissions.

2. As to our defense of a suit arising out of the additional insured's own acts or omissions and those of the policyholder, this insurance will act as coinsurance with any other insurance available to the additional insured, in proportion to the limits of liability of all involved policies, and the Other Insurance provisions of this policy are amended accordingly. However, this insurance does not apply to indemnity of the additional insured for its own acts and omissions.

3. If an agreement between the policyholder and the additional insured providing indemnity or contribution in favor of the additional insured exists or is alleged to exist, the extent and scope of coverage under this insurance for the additional insured will be no greater than the extent and scope of indemnification of the additional insured which was agreed to by the policyholder.

4. The naming of an additional insured will not increase our limit of liability under this policy.

ADDITIONAL INSUREDS

All persons or organizations required to be named as additional insureds by written contract with the policyholder.

16. The Policy contains the following General Conditions:

**D. DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT**

1. When any insured becomes aware of any claim or suit to which this insurance applies, or any incident which is likely to result in such a claim or suit, the insured or its representative must report the incident, claim or suit to us as soon as practicable.

2. Each **insured** must cooperate with **us** and with legal counsel retained by **us** to defend any insured claim and shall, upon **our** request, assist in making settlements, in the conduct of suits, and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the **insured** because of injury with respect to which insurance is afforded under the policy, and the **insured** must authorize us to obtain records and other information, attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. No **insured** shall make any payment, assume any obligation, incur any obligation, other than for first aid, accept responsibility or provide information concerning the incident except to us or legal counsel retained by **us** for the **insured.**

3. If claim is made or **suit** is brought against any **insured**, such insured must immediately forward to us every demand, notice, summons or other process received by the **insured** or any representative of the **insured** and immediately inform us of the substance of any communication from the plaintiff or potential plaintiff or his or her representative.

If any i**nsured** fails to comply with any duties or obligations described in this Section 4, or otherwise breaches any term or condition of the policy, our obligations to the **insured** under the **policy** shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

\*\*\*

**I. ASSIGNMENT**

No **insured** may assign its interest in the **policy**; if, however, any **insured** shall die, the insurance provided by the **policy** shall apply to the **insured**'s legal representative, as an **insured**, but only while acting

6

within the scope of his or her duties as such. No **insured** shall assign any cause of action against us that relates to or arises in connection with this **policy**, or that is based on allegations that **we** did not fulfill **our** obligations to any **insured** in good faith.

## THE LEASE

17. CFO2 Skokie, LLC (defined as "Landlord") and Rogers Memorial (defined as "Tenant") entered into a lease with a commencement date of April 1, 2015 (the "Lease"). See Lease attached hereto as **Exhibit B.**

18. The "premises" is defined as follows "The Premises are located on floor 6 of Tower I of the Building and known as suite number 600…If the Premises include, now or hereafter, one or more floors in their entirety, all corridors and restroom facilities located on such full floor(s) shall be considered part of the Premises."

19. The Lease contains the following provisions:

**7. Services Furnished by Landlord**

**A. Standard Services** Subject to the provisions of this Lease, Landlord agrees to furnish (or cause a third party provider to furnish) the following services to Tenant during the Term:

…

(3) Maintenance and repair of the Property as described in Section 9.B.

(4) Janitorial service five days per week (excluding Holidays) as determined by Landlord. If Tenant's use of the Premises, floor covering or other improvements require special services in excess of the standard services for the Building, Tenant shall pay the additional cost attributable to the special services…

\* \* \*

**13. Indemnity** Subject to **Section 15**, Tenant shall hold Landlord, its trustees, Affiliates, subsidiaries, members, principals, beneficiaries, partners, officers, directors, shareholders, employees, Mortgagee(s) (defined in **Section 25**) and agents (including the manager of the Property) (collectively "***Landlord Parties***") harmless from, and indemnify and defend such parties against, all liabilities, obligations, damages, penalties, claims, actions, costs, charges and expenses including reasonable attorneys' fees and other professional fees that may be

7

imposed upon, incurred by or asserted against any of such indemnified parties (each a "*Claim*" and collectively "*Claims*") that arise out of or in connection with any damage or injury occurring in the Premise, except to the extent caused by the gross negligence or willful misconduct of a Landlord Party. Provided Landlord Parties are properly named as additional insureds in the policies required to be carried under this Lease. Subject to **Sections 9.B**, **15** and **20**, Landlord shall hold Tenant, its trustees, members, principals, beneficiaries, partners, officers, directors, shareholders, employees and agents (collectively "**Tenant Parties**") harmless from, and indemnify and defend such parties against, all Claims that arise out of or in connection with any damage or injury occurring in or on the Property (excluding the Premises), except to the extent Tenant Parties would have been covered had they been named as additional insureds on the commercial general liability insurance policy required to be carried by Landlord under this Lease.

**14. Insurance**

    **A.** **Tenant's Insurance** Tenant shall maintain the following insurance ("*Tenant's Insurance*") at its sole cost and expense: (1) commercial general liability insurance applicable to the Premises and its appurtenances providing, on an occurrence basis, a per occurrence limit of no less than $1,000,000; … (7) umbrella liability insurance that follows form in excess of the limits specified in (1), (4) and (6) above, of no less than $4,000,00 per occurrence and in the aggregate.… All commercial general liability, business automobile liability and umbrella liability insurance policies shall name Landlord (or any successor), Landlord's property manager, Landlord's Mortgagee (if any), and their respective members, principals, beneficiaries, partners, officers, directors, employees, and agents, and other designees of Landlord as the interest of such designees shall appear, as "additional insureds" and shall be primary with Landlord's policy being secondary and noncontributory.

See **Exhibit B**.

## THE UNDERLYING LITIGATION

20. On November 13, 2018, Young filed her Complaint at Law ("Underlying Complaint") in the Circuit Court of Cook County, Illinois. A copy of the Complaint is attached as **Exhibit C**.

21. The Underlying Complaint alleges that at all relevant times including September 13, 2018, Imperial owned, operated, maintained, and controlled the premises of the sixth floor of 4711 Golf Road, Skokie, Illinois including the women's restroom on the premises.

22. The Underlying Complaint alleges that at all relevant times including September 13, 2018, Young was a licensed clinical psychologist acting as the Clinical Director of the Rogers Behavioral Health Center.

23. The Complaint alleges at all relevant times including on September 13, 2018, that Rogers Behavioral Health Center was a tenant of Imperial at 4711 Golf Road, Skokie, Illinois.

24. The Complaint alleges that Imperial breached its duty to Young by the following negligent acts or omissions: negligently left liquid or a similar substance on the floor of a women's bathroom within the premises for an unreasonably long period of time, creating a condition that Imperial knew or should have known was hazardous; failed to inspect the floor of a women's bathroom within the premises for defects; failed to maintain the floor of the women's bathroom within the premises in a safe condition; failed to warn invitees, including Young, of a hazardous condition in the women's bathroom within the premises; and failed to properly and timely repair the unsafe and hazardous condition of the women's bathroom floor.

25. The Underlying Complaint alleges that as a direct and proximate result of Imperial's negligence, Young was caused to fall to the ground in a women's restroom on the premises and suffered injuries.

26. While the Underlying Complaint alleges that the incident occurred on the sixth floor of 4711 Golf Road, Skokie, Illinois, Young testified that the fall occurred in the fifth floor bathroom. See deposition transcript of Young attached as **Exhibit D**, p. 32.

27. Rogers Memorial leases the entire sixth floor and only two suites on the fifth floor of 4711 Golf Road, Skokie, Illinois. See **Exhibit D**, p. 28.

28. The Underlying Complaint also alleges that Imperial had a duty to follow the Illinois Premises Liability Act and breached its duty by negligent failing to maintain the premises

9

in a reasonably safe manner in a reasonably safe condition in violation of the Premises Liability Act, 740 ILCS 130/2.

29. On November 26, 2019, Imperial filed a Third-Party Complaint for Contribution against Rogers Memorial Hospital Inc. d/b/a Rogers Behavior Health. See Third-Party Complaint attached hereto as **Exhibit E**.

30. The Third-Party Complaint alleges that Rogers Memorial entered into a lease agreement with CFO2 Skokie, LLC which CFO2 Skokie, LLC later assigned the lease to Imperial for Suite 600 at 4711 Golf Road, Skokie, Illinois.

31. The Third-Party Complaint asserts that at all relevant times including September 13, 2018, Young was an employee of Rogers Memorial.

32. The Third-Party Complaint alleges that Rogers Memorial was negligent in failing to report the liquid was present on the floor despite knowing of the existence of the liquid; failing to warn Young that the liquid was present; causing the spill of the alleged liquid; failing to clean up the alleged spill despite causing the spill; failing to notify and/or otherwise remedy its employees and patients from causing spills and failing to train Young to avoid slipping and falling on the alleged liquid present.

## THE TENDER

33. On November 26, 2019, Imperial sent a letter to Rogers Memorial requesting additional insured coverage pursuant to the Lease Agreement (the "Tender Letter"). See tender letter attached as **Exhibit F**.

34. The Tender Letter asserts that the Lease Agreement was assigned by CFO2 Skokie, LLC, to Imperial Concourse, LLC, and Klairmont Family Associates, L.P. in April 2016 and Imperial Realty Company is the property manager for the subject location.

## COUNT I:
## DECLARATORY JUDGMENT
### (ProAssurance has no duty to defend or indemnify Imperial under the Blanket Additional Insured Endorsement)

35. ProAssurance hereby realleges and incorporates the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36. The Blanket Additional Insured Endorsement of the Policy provides that additional insureds are all persons or organizations required to be named as additional insureds by written contract with the policyholder.

37. The Blanket Additional Insured Endorsement of the Policy states an additional insured is included as an additional insured under the above-described Coverage Part(s) of the policy, but only with respect to liability arising out of the operations of the policyholder.

38. The Blanket Additional Insured Endorsement of the Policy states, "This insurance does not apply to any liability arising out of the additional insured's own acts or omissions."

39. The Policy excludes coverage under Coverage A for bodily injury to "an employee of an insured arising out of and in the course of his or her employment or duties."

40. The Landlord, and not Rogers Memorial, was responsible for maintenance and janitorial services under the Lease.

41. Rogers Memorial had no obligations under the Lease to maintain or clean the bathrooms.

42. The fifth floor bathroom was not included in the definition of "premises" under the Lease as Rogers Memorial did not lease the entirety of the fifth floor.

43. The Underlying Complaint does not allege that the bodily injury arose out of the operations of Rogers Memorial.

44. The Underlying Complaint only asserts that Imperial itself was negligent and caused Young to fall in the women's restroom.

45. Imperial was the property manager hired by the Landlord and was responsible for the maintenance and janitorial services of the bathrooms at 4711 Golf Road, Skokie, Illinois.

46. The Underlying Litigation arises out of Imperial's own acts or omissions.

47. The Underlying Complaint alleges bodily injury to an employee of an insured arising out of and in the course of his or her employment or duties.

48. ProAssurance has no duty to defend or indemnify Imperial in the Underlying Litigation under the Blanket Additional Insured Endorsement of the Policy.

**COUNT II:**
**DECLARATORY JUDGMENT**
**(ProAssurance has no duty to defend or indemnify Imperial under the Additional Insured Endorsement because any Imperial was not assigned the interest of CFO Skokie LLC under the Policy)**

49. ProAssurance hereby realleges and incorporates the allegations set forth in paragraphs 1 through 48 as though fully set forth herein.

50. The Additional Insured Endorsement of the Policy adds CFO Skokie, LLC as an additional insured under the Health Care Facility General Liability Coverage Part but only with respect to liability arising out of the operations of the policyholder.

51. The General Conditions of the Policy state no insured may assign its interest in the policy.

52. Even if CFO2 Skokie, LLC assigned its rights to Imperial under the Lease, CFO Skokie, LLC could not assign its interest under the Policy to Imperial or any other entity.

53. The Underlying Complaint does not make any allegations against CFO Skokie, LLC or assert any allegation against CFO Skokie, LLC.

54. Imperial is not an Additional Insured under the Policy.

55. ProAssurance has no duty to defend Imperial under the Policy.

## COUNT III:
## DECLARATORY JUDGMENT
**(ProAssurance has no duty to defend or indemnify Imperial because Imperial failed to comply with the duties under the Policy)**

56. ProAssurance hereby realleges and incorporates the allegations set forth in paragraphs 1 through 55 as though fully set forth herein.

57. The General Conditions of the Policy state when an insured becomes aware of any claim or suit to which this insurance applies, the insured must report the incident, claim or suit to ProAssurance as soon as practicable.

58. Young filed the Underlying Complaint against Imperial on November 13, 2018.

59. Imperial waited over a year, until November 26, 2019 to send a letter to Rogers Memorial asking that they turn the letter over to ProAssurance.

60. The Tender Letter attached a certificate of insurance issued to Imperial from Rogers Memorial listing the ProAssurance Commercial General Liability policy. See **Exhibit F**.

61. The General Conditions of the Policy state the insured must immediately forward to ProAssurance every demand, notice, summons or other process received by the insured or any representative of the insured and immediately inform ProAssurance of the substance of any communication from the plaintiff or potential plaintiff or his or her representative.

62. Imperial has not reported the Underlying Litigation to ProAssurance as of the date of the instant action.

63. Imperial has not forwarded any demand, notice, or summons regarding the Underlying Litigation to ProAssurance as of the date of the instant action.

64. Imperial failed to comply with the duties and obligations in the Policy and ProAssurance's obligations to Imperial under the Policy terminated including any obligation to defend or indemnify Imperial for the Underlying Litigation.

65. ProAssurance has no duty to defend Imperial under the Policy.

## COUNT IV:
## DECLARATORY JUDGMENT
**(ProAssurance has no duty to defend or indemnify Imperial or Rogers Memorial because coverage is excluded under Exclusion 2(e)(1) of the Policy)**

66. ProAssurance hereby realleges and incorporates the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

67. The Policy excludes coverage under Coverage A for bodily injury to an employee of an insured arising out of and in the course of his or her employment or duties.

68. The Underlying Litigation asserts that Young was an employee of Rogers Memorial acting as the Clinical Director of the Rogers Behavioral Health Center at the time of the incident.

69. Rogers Memorial is the named insured under the Policy.

70. There is no coverage under the Policy because the Underlying Litigation alleges bodily injury to Young, an employee of an insured, arising out of and in the course of her employment at the time of the injury.

71. ProAssurance has no duty to defend Imperial or Rogers Memorial in the Underlying Litigation under Coverage A of the Policy.

## PRAYER FOR RELIEF

WHEREFORE, ProAssurance respectfully requests that this Court enter a declaration that:

(a) ProAssurance has no duty to defend or indemnify Imperial Realty Company in relation to the Underlying Litigation under the Policy;

(b) ProAssurance has no duty to defend or indemnify Rogers Memorial Hospital, Inc. in relation to the Third-Party Complaint for Contribution filed by Imperial Realty Company against Rogers Memorial Hospital, Inc. in the Underlying Litigation under the Policy.

(c) Award ProAssurance any other further relief that this Court deems just and proper.

Respectfully submitted,

PROASSURANCE SPECIALTY INSURANCE COMPANY, INC.

By: /s/William K. McVisk
       One of their attorneys

William K. McVisk
Jennifer M. Theodore
TRESSLER LLP
Attorneys for Plaintiff
233 S. Wacker Drive, 61st Floor
Chicago, Illinois 60606
(312) 627-4000
wmcvisk@tresslerllp.com
jtheodore@tresslerllp.com